972 F.2d 1341
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael Ray ONSTOTT, Plaintiff-Appellant,
v.
Samuel LEWIS, Defendant-Appellee.
 No. 91-16456.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1992.*
Decided Aug. 14, 1992.
 
 Before BRUNETTI, RYMER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael Onstott, an Arizona state prisoner, appeals pro se the dismissal for failure to state a claim of his 42 U.S.C. § 1983 action alleging that a prison policy prohibiting facial hair violated his first amendment right to the free exercise of his Sikh religion. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * Standard of Review
 
 
 4
 We review de novo the district court's dismissal for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). Tanner v. Heise, 879 F.2d 572, 576 (9th Cir.1989). All allegations of material fact contained in the complaint are taken as true and construed in the light most favorable to the plaintiff. Id. Moreover, in civil rights cases, where the plaintiff is pro se, the court has an obligation to construe the pleadings liberally to afford the plaintiff any benefit of the doubt. Bretz v. Kelman, 773 F.2d 1026, 1027 n. 1 (9th Cir.1985) (en banc).
 
 II
 Merits
 A. Background
 
 5
 Onstott filed his complaint on May 25, 1989 alleging that the Arizona Department of Corrections' ("ADOC") Internal Management Policy No. 304.7 ("IMP 304.7") requiring that all prisoners shave off all facial hair violated his first amendment right to the free exercise of his Sikh religion. The district court sua sponte dismissed the complaint before service of process, and Onstott appealed the dismissal to this court in a prior appeal. In an unpublished memorandum opinion, we applied the four-factor test of Turner v. Safley, 482 U.S. 78 (1987) to Onstott's claim, and determined that IMP 304.7 was reasonably related to legitimate penological interests. See Onstott v. Lewis, No. 89-15980 (9th Cir. Aug. 23, 1990) (determining that (1) IMP 304.7 has a logical connection to a legitimate governmental interest; (2) accommodation (granting an exemption) would strain prison resources; and (3) no ready alternatives to IMP 304.7 exist).[1] We remanded the matter, however, for the district court to determine whether Onstott had alternative means to practice his religion. Id.
 
 
 6
 On remand, the district court found that (1) Onstott could participate in other aspects of his religion; (2) Onstott's complaint did not allege that any other practice of the Sikh religion was infringed upon; and (3) in his complaint, Onstott admitted that the ADOC has recognized the Sikh religion and has approved monthly meetings with Sikh representatives. Therefore, the district court concluded that Onstott has not been deprived of all means of expression of his Sikh religion.
 
 B. Discussion
 
 7
 In Friedman v. Arizona, we held that IMP 304.7 is a valid regulation insofar as it prohibits the growth of facial hair by two prisoners of the Orthodox Jewish faith. 912 F.2d 328, 331-33 (9th Cir.1990), cert. denied, 111 S.Ct. 996 (1991). We concluded that although there was no alternative religious practice for growing facial hair, the Orthodox Jewish prisoners had not been denied "all means of expression" of their religion because the ADOC provided them one Kosher dinner a day and occasional access to Sabbath services and to a rabbi. See Friedman, 912 F.2d at 332 (quoting O'Lone v. Estate of Shabazz, 482 U.S. 342, 350-52, (1987)).
 
 
 8
 Here, the record supports the district court's finding that Onstott has not been denied all means of expression of his Sikh religion. Additionally, in a statement submitted to this court, Onstott concedes that the ADOC has afforded him "all the requirements" of the Sikh faith including "no cutting of any hair, a vegetarian diet, a place to meet ... to meditate and do yoga," and a Sikh representative to guide him. Thus, because IMP 304.7 satisfies the Turner four factor-test as applied to Onstott, the district court did not err by dismissing Onstott's action for failure to state a claim. See id. at 331-33.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The four factors as we have summarized them are:
 (1) whether the regulation has a logical connection to the legitimate governmental interest invoked to justify it;
 (2) whether the alternative means of exercising the right on which the regulation impinges remain open to the prison inmates;
 (3) the impact that accommodation of the asserted right will have on guards, other inmates, and prison resources; and
 (4) the absence of ready alternatives that fully accommodate the prisoner's rights at de minimus cost to valid penological interests.
 Harper v. Wallingford, 877 F.2d 728, 732 (9th Cir.1989).